```
                                                    U.S. DISTRICT COURT
                                                    DISTRICT OF VERMONT
                                                           FILED
          UNITED STATES DISTRICT COURT
               DISTRICT OF VERMONT              2015 DEC -7  PM 2:20

                                                         CLERK
ELHANNON WHOLESALE      )                        BY_____
NURSERY, LLC, D. JAMES  )                            DEPUTY CLERK
SUTTON and RUTH         )
SUTTON,                 )
         Plaintiffs,    )        Docket No. 5:15-CV-257
                        )
v.                      )
                        )
JEROME CONSTRUCTION,    )
INC., JAMES JEROME and  )
FELICITY HARRINGTON     )
PURZYCKI,               )
         Defendants.    )
```

## COMPLAINT

### Jurisdiction and Venue

1. Plaintiff Elhannon Wholesale Nursery, LLC is a limited liability company company with its principal place of business in Petersburg, New York. Plaintiff Elhannon Wholesale Nursery, LLC has only one member. The member is a citizen of New York.

2. Plaintiff D. James Sutton is a resident of Pittstown, New York. Plaintiff D. James Sutton is the only member and sole owner of Plaintiff Elhannon Wholesale Nursery, LLC.

3. Plaintiff Ruth Sutton is a resident of Pittstown, New York.

4. Defendant Jerome Construction, Inc. is a Vermont corporation with its principal place of business in Bennington, Vermont.

5. Defendant James Jerome is a resident of Bennington, Vermont.

6. Defendant Felicity Harrington Purzycki is a resident of Bennington, Vermont.

7. The amount in controversy exceeds $75,000.00.

8. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §1332.

## Factual Allegations

9. Plaintiff Elhannon Wholesale Nursery, LLC ("Elhannon") is a wholesale landscaping supply business which provides plants, trees and shrubs to its wholesale customers.

10. Elhannon also provides consultants to its customers to provide expertise and knowledge regarding landscaping and Elhannon's wholesale products.

11. Plaintiffs James and Ruth Sutton, at all times relevant to this Complaint, owned the plants, trees and shrubs which Elhannon would sell to its customers and Plaintiff James Sutton was the majority owner of Elhannon.

12. Defendant Jerome Construction, Inc. ("JCI") is a construction company which purchases landscaping products and supplies as part of its ordinary course of business.

13. Defendant James Jerome ("Jerome") is the President and majority owner of Defendant JCI.

14. Defendant Jerome also owns property known as the Hubbell Homestead in Bennington, Vermont.

15. Defendant Felicity Harrington Purzycki ("Purzycki") was a former employee of Elhannon.

16. Defendant Purzycki also owns property located at 357 Chapel Road in Bennington, Vermont.

17. During 2010 and 2011, Defendant Jerome, through his company JCI, seemingly entered into purchase agreements with Elhannon, facilitated by Purzycki, for the purchases of over $80,000 in trees and other plants as well as the provision of consultants to aid with the planting of the purchased plants.

18. The goods and services required of Elhannon in the contract were to be used at the Hubbell Homestead.

19. Defendants JCI and Jerome took possession of the Elhannon/Sutton goods in New York and transported them to the Hubbell Homestead.

20. Neither Defendant JCI nor Defendant Jerome paid for the goods and services provided by Elhannon and the Suttons.

21. Rather than provide payment to Elhannon for the good and services provided, Defendants Jerome and JCI provided Defendant Purzycki with free construction work at her Chapel Road property.

22. Upon information and belief, Defendants Jerome and JCI knew that the construction work was being provided to Defendant's Purzycki's personally owned property and that such an arrangement was not approved by Elhannon.

23. Plaintiffs were not informed by Purzycki that the purchase agreements with Defendants Jerome and JCI were any different than typical purchase agreements whereby Elhannon would provide goods and services in exchange for monetary payments.

24. Plaintiffs did not approve the exchange of Elhannon's goods and services for construction work to be performed at Defendant Purzycki's property.

25. During her relationship with Elhannon, Defendant Purzycki was responsible for maintaining the books and records of Elhannon.

26. In 2011, Plaintiff James Sutton terminated Defendant Purzycki's relationship with Elhannon due to unrelated fraudulent transactions with a different Vermont company, Bartlett Tree Service.

27. Defendant Purzycki also separately owned Apex Nursery, Inc. ("Apex"), a company which provided landscaping workers and laborers to install landscaping products sold by Elhannon and other companies.

28. Upon information and belief, Apex and/or Elhannon, at Defendant Purzycki's direction, provided workers and laborers to install the plants and trees sold by Elhannon to Defendants Jerome and JCI and installed at the Hubbell Homestead.

29. In 2014, pursuant to a Stipulation between Elhannon and Apex, and subsequent Court Order, Apex was placed into receivership and the books and accounts of both Apex and Elhannon were examined by an independent auditor.

4

30. The books and accounts and other financial information provided to the auditor for both Apex and Elhannon were provided by Defendant Purzycki.

31. Despite inquiries and requests by the Court appointed auditor, no financial information regarding the contractual transaction between Elhannon and Defendants Jerome and JCI, or the fraudulent transaction between Defendants Jerome, JCI and Purzycki, was provided to the auditor by Defendant Purzycki.

32. During the process of the audit, Plaintiff James Sutton and Elhannon discovered and became aware for the first time of the non-payment by Defendants Jerome and JCI for goods and services, the delivery of the goods and services to a property personally owned by Defendant Jerome and the provision of construction work to Defendant Purzycki's personal property.

33. Due to the actions of the Defendants, Plaintiffs have been significantly and substantially damaged.

## Count I – Theft/Conversion

34. Plaintiffs reiterate and reassert all allegations contained in Paragraphs 1-33 above.

35. During her employment with Elhannon, Defendant Purzucki unlawfully and without authority appropriated the property of Plaintiffs to her own use and enjoyment.

5

36. Defendant Purzycki also intentionally exercised control over the property of Plaintiffs which seriously and substantially interfered with the right of Plaintiffs to control such property.
37. As such, Plaintiffs were significantly damaged by Defendant Purzycki's actions.
38. Defendant Purzycki's actions were a direct and proximate cause of Plaintiffs' damages.

### Count II – Unjust Enrichment

39. Plaintiffs reiterate and reassert all allegations contained in Paragraphs 1-38 above.
40. By her theft of property from Plaintiffs, Defendant Purzycki was conferred and accepted a benefit and was unjustly enriched by that benefit.
41. The circumstances of Defendant Purzycki's theft of property and exchange of that property for personal services are such that it would be inequitable for Defendant Purzycki to retain the benefit of that property without compensation to Plaintiffs.
42. In knowingly participating in Defendant Purzycki's theft and fraudulent transaction and providing a personal benefit to Purzycki in exchange for goods and services from Plaintiffs, Defendants JCI and Jerome were conferred and accepted a benefit and were unjustly enriched by that benefit.

43. The circumstances of Defendants JCI and Jerome's involvement in Defendant Purzycki's theft of property and exchange of that property for personal services are such that it would be inequitable for Defendants Jerome and JCI to retain the benefit of that property without compensation to Plaintiffs.

44. Plaintiffs were damaged as a direct and proximate result of Defendants Purzycki, JCI and Jerome's actions.

### Count III - Fraud

45. Plaintiffs reiterate and reassert all allegations contained in Paragraphs 1-44 above.

46. Defendants Purzycki, JCI and Jerome intentionally misrepresented the nature of the sales transactions between JCI and Elhannon.

47. Defendants Purzycki, JCI and Jerome knew the presentation of the nature of the transaction was false when made and knew that the transaction was essentially an exchange of personal benefits to Defendants Jerome and Purzycki using Plaintiffs' property.

48. Plaintiffs had no knowledge of the true nature of the transaction or that Plaintiffs were not intended to receive payment or compensation for their goods and services.

49. In reliance upon the presentation of a typical commercial transaction, Plaintiffs provided goods and services to Defendants JCI and Jerome, compensation for which was misappropriated by Defendant Purzycki.

50. Plaintiffs were substantially damaged by Defendants Purzycki, JCI and Jerome's actions.

## Count IV – Breach of Contract

51. Plaintiffs reiterate and reassert all allegations contained in Paragraphs 1-50 above.

52. Defendant JCI entered into a contract for the purchase of goods and services from Plaintiff Elhannon, of which Plaintiffs James and Ruth Sutton were intended third party beneficiaries.

53. Plaintiffs provided the contracted goods and services to Defendant JCI.

54. Defendant JCI never provided payment or any other compensation to Plaintiffs for the contracted goods and services, thereby directly and proximately causing damage to Plaintiffs.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a) Take jurisdiction of this matter;

    b) Award compensatory damages to Plaintiffs for all damages caused by Defendants' actions, including pre-judgment and post-judgment interest;

    c) Award punitive damages to Plaintiffs;

    d) Award to Plaintiffs all costs associated with this action, including filing fees, service fees and other costs awardable under Rule 54 of the Federal Rules of Civil Procedure;

    e) Award attorney's fees and such other relief as is just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated this  30th  day of November, 2015 at Montpelier, Vermont.

Respectfully Submitted,

Robin A. Freeman, Jr., Esq.
Law Office of Caroline S. Earle, PLC
P.O. Box 1385
107 State Street
Montpelier, VT 05601-1385
(802) 225-6495
raf@caroline-law.com

Attorney for Plaintiffs