```
                                                           U.S. DISTRICT COURT
                                                           DISTRICT OF VERMONT
                                                                  FILED
                  UNITED STATES DISTRICT COURT
                           FOR THE                         2016 AUG 11  PM 1:31
                      DISTRICT OF VERMONT
                                                                  CLERK
                                                           BY    pjl
ELHANNON WHOLESALE NURSERIES,     )                             DEPUTY CLERK
LLC, D. JAMES SUTTON, and RUTH    )
SUTTON,                           )
                                  )
       Plaintiffs,                )
                                  )
   v.                             )      Case No. 5:15-cv-257
                                  )
JEROME CONSTRUCTION, INC., JAMES  )
JEROME, and FELICITY HARRINGTON   )
PURZYCKI,                         )
                                  )
       Defendants.                )
```

## OPINION AND ORDER
(Docs. 7, 8)

Plaintiffs Elhannon Wholesale Nurseries, LLC ("Elhannon" or "EWN"), D. James Sutton, and Ruth Sutton sue Defendants Jerome Construction, Inc. ("JCI"), James Jerome, and former Elhannon employee Felicity Harrington Purzycki, alleging that, in 2010 and 2011, Ms. Purzycki committed fraud and theft and was unjustly enriched by orchestrating an unauthorized transaction between Plaintiffs and Defendants JCI and Mr. Jerome. (*See* Doc. 6.) JCI and Mr. Jerome have filed a Rule 12(b)(1) motion to dismiss the Amended Complaint, asserting that the amount in controversy does not exceed 28 U.S.C. § 1332's $75,000 jurisdictional requirement. (Doc. 7.) Ms. Purzycki has filed a Rule 12(b)(6) motion to dismiss, asserting that Plaintiffs' claim is foreclosed by a June 20, 2011 Stipulation of Dismissal in *Apex Nursery, Inc. v. Donald James Sutton, Jr.*, No. 204-6-11 Bncv (Vt. Super. Ct.). (Doc. 8.) This court heard argument on both motions on July 6, 2016, at which time the motions were taken under advisement.

## Background

The factual allegations in the Amended Complaint are as follows. Plaintiff Elhannon is a wholesale landscaping supply business that provides plants, trees, and shrubs to its wholesale customers. Elhannon also supplies consultants to its customers to provide expertise and knowledge regarding landscaping and Elhannon's wholesale products. At all times relevant, Plaintiffs James and Ruth Sutton owned the plants, trees, and shrubs that Elhannon would sell to its customers, and Plaintiff James Sutton was Elhannon's majority owner.

Defendant JCI is a construction company that purchases landscaping products and supplies as part of its ordinary course of business. Defendant James Jerome is the President and majority owner of JCI. Mr. Jerome also owns property known as the Hubbell Homestead in Bennington, Vermont.

In 2010 and 2011, Ms. Purzycki was working for Elhannon. She was responsible for maintaining Elhannon's financial books and records. She owns property on Chapel Road in Bennington, Vermont. She also owned Apex Nursery, Inc. ("Apex"), a company that provided landscaping workers and laborers to install landscaping products sold by Elhannon and other companies.

In 2010 and 2011, Ms. Purzycki facilitated an arrangement in which Mr. Jerome, through his company JCI, entered into purchase agreements with Elhannon for the purchase of over $80,000 in trees and other plants, as well as the provision of consultants to aid with planting. The goods and services required of Elhannon in the contract were to be used at the Hubbell Homestead. Defendants JCI and Mr. Jerome took possession of the Elhannon/Sutton goods in New York and transported them to the Hubbell Homestead. Plaintiffs assert that, at Ms.

2

Purzycki's direction, Apex or Elhannon provided workers to install the plants and trees at the Hubbell Homestead.

Neither JCI nor Mr. Jerome paid for the goods and services provided by Elhannon and the Suttons. Instead, JCI and Mr. Jerome provided Ms. Purzycki with construction work at her Chapel Road property. Ms. Purzycki did not inform Plaintiffs that the purchase agreements with JCI and Mr. Jerome were any different than typical purchase agreements, in which Elhannon would provide goods and services in exchange for monetary payments. Plaintiffs assert that JCI and Mr. Jerome knew that the construction work was being provided at Ms. Purzycki's personally-owned property and that the arrangement was not approved by Elhannon.

In 2011, Apex, Elhannon, and Ms. Purzycki sued Mr. Sutton in *Apex Nursery, Inc. v. Donald James Sutton, Jr.*, No. 204-6-11 Bncv (Vt. Super. Ct.), alleging that he had "frozen" her out of Elhannon's bank account, and engaged in other actions to put her out of business, irreparably damage Apex, and usurp full ownership and control of Elhannon. (*See* Doc. 7-13.) Also in 2011, Mr. Sutton terminated Ms. Purzycki's relationship with Elhannon due to unrelated fraudulent transactions. At that time, Plaintiffs were not aware of the "barter" arrangement that Ms. Purzycki had facilitated.

In 2014, under a Stipulation of Dismissal in the *Apex* litigation, Apex was placed into receivership and the books and accounts of both Apex and Elhannon were examined by an independent auditor. Ms. Purzycki provided the auditor with the books, accounts, and other financial information for both Apex and Elhannon. Despite inquiries and requests by the court-appointed auditor, Ms. Purzycki did not provide financial information related to the "barter" arrangement. During the audit process, Elhannon and Mr. Sutton discovered the "barter" transaction for the first time.

3

## Analysis

**I.        JCI and James Jerome's Rule 12(b)(1) Motion**

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it . . . .'" *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). On a Rule 12(b)(1) motion, the court accepts as true "'all material allegations of the complaint[] and . . . construe[s] the complaint in favor the complaining party.'" *Id.* (first brackets in original) (quoting *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008)).

Plaintiffs assert that the court has jurisdiction under 28 U.S.C. § 1332, which confers upon the district courts original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). JCI and James Jerome maintain that the court lacks subject matter jurisdiction because the amount in controversy is less than $75,000.

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by plaintiff controls if the claim is apparently made in good faith." *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010) (quoting *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 115 (2d Cir. 2002)). If the pleadings are "inconclusive," then the court "may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy." *Id.*; *see also Sec. Plans, Inc. v. CUNA Mut. Ins. Soc'y*, 769 F.3d 807, 814 n.5 (2d Cir. 2014) ("[W]e recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in

controversy." (quoting *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003))). In order to rebut the presumption, the defendants "must show that the complaint 'was so patently deficient as to reflect to a legal certainty that [the plaintiff] could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional requirements.'" *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (alteration in original) (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)).

Relying on the affidavits of Ms. Purzycki (Doc. 7-12) and James Jerome (Doc. 7-10), JCI and Mr. Jerome assert that they have rebutted the presumption. Mr. Jerome states in his affidavit that the value of the demolition and landscaping work performed by JCI at Ms. Purzycki's Chapel Road property was $36,197.50. (Doc. 7-10 ¶ 7.) He refers to a JCI invoice showing the same. (Doc. 7-11.) Mr. Jerome further states that he and Ms. Purzycki agreed that the value of goods and services exchanged between Elhannon and JCI was "equivalent." (Doc. 7-10 ¶ 9.) Ms. Purzycki similarly states that she and Mr. Jerome agreed that the exchange "balanced out." (Doc. 7-12 ¶ 15.)

The affidavits do not show to a legal certainty that Plaintiffs cannot recover the $80,000 in alleged damages. Mr. Sutton asserts that, using Elhannon's standard pricing calculations, the goods and services provided to JCI and Mr. Jerome are valued at $84,150. (Doc. 13-1 ¶¶ 5–6.) He further suggests that Ms. Purzycki deviated from Elhannon's standard pricing formulas and agreed to exchange the plants and services for less than full value. (*Id.* ¶ 8.) If Mr. Sutton is right that Ms. Purzycki took the plants and other materials without paying for them, then the value she received for them from Mr. Jerome is unlikely to reflect their fair market value. The court concludes that, although the parties dispute the value of the plants and services at issue, JCI

5

and Mr. Jerome cannot show that the $80,000 figure in the Amended Complaint is "patently deficient."

## II.   Felicity Purzycki's Rule 12(b)(6) Motion

To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2). Not only are the factual allegations in the complaint accepted as true, but the court must also draw all inferences in the plaintiff's favor. *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016). Dismissal is appropriate when "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000). "An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998). Release is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1).

Here, the First Amended Complaint refers to the Stipulation of Dismissal in *Apex Nursery, Inc. v. Donald James Sutton, Jr.*, No. 204-6-11 Bncv (Vt. Super. Ct.). (*See* Doc. 6 ¶ 29.) The court may therefore consider it in the Rule 12(b)(6) context. *See Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech., Inc.*, 742 F.3d 42, 44 n.1 (2d Cir. 2014) (in ruling on a 12(b)(6) motion, court may consider "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit" (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002))); *Pani*, 152 F.3d at 75 (court may rely on matters of public record in deciding a Rule 12(b)(6) motion). The June 20, 2011 Stipulation of Dismissal in the

*Apex* litigation includes the following provisions (referring to Ms. Purzycki by her maiden name, Harrington):

> 6.    The parties agree that Harrington shall retain improvements to her property on Chapel Road . . . .
>
> 13.    Harrington agrees that this Stipulation shall settle any claims she has against [D. James] Sutton from the beginning of time to the date of this Agreement and shall execute a release to such effect.
>
> 14.    Sutton agrees that this Stipulation shall settle any claims he has against Harrington from the beginning of time to the date of this Agreement and shall execute a release to such effect.
>
> 15.    The releases described in Sections 13 and 14 of this Stipulation shall not be construed to release Harrington from any issues raised by Mark Ryan in his audit of EWN or Apex, or his receivership of Apex.

(Doc. 8-5 at 4–5.)[1]

Ms. Purzycki asserts that Plaintiffs' claims are foreclosed by the terms of that settlement agreement. Elhannon and Ruth Sutton maintain that their claims are not foreclosed because they were not parties to the releases. Elhannon and the Suttons further contend that, under paragraph 15, the releases explicitly do not cover "issues raised by Mark Ryan in his audit of EWN or Apex, or his receivership of Apex," (Doc. 8-5 at 5), and that the Amended Complaint clearly alleges that the facts giving rise to the claims at issue arose during the audit and as a result of the audit process. Ms. Purzycki asserts that paragraph 6—stating that she "shall retain improvements to her property on Chapel Road"—is not limited to any party, is a specific provision that controls over paragraphs 13–15, and permits her to keep the improvements without having to pay for them.

---

[1] The Stipulation of Dismissal also states: "If liabilities have arisen due to Harrington's malfeasance or failure to pay money owed to either entity, then Harrington will remain liable for such monies owed." (Doc. 8-5 at 2.) Plaintiffs do not explicitly rely on that provision or attempt to interpret it, so the court does not address it here.

The court agrees that paragraph 6 is not limited to any particular party to the Stipulation of Dismissal, but notes that Ruth Sutton was not a party to that agreement. In any case, the court cannot conclude as a matter of law that paragraph 6 means that Ms. Purzycki is entitled to keep the improvements without having to pay for them under any circumstances. The plain language of paragraph 6 is limited only to Ms. Purzycki's entitlement to retain possession of the improvements, without specifying whether she might be liable if the improvements were related to issues raised by the auditor under paragraph 15.

Regarding paragraphs 13–15, the court agrees that Elhannon and Ruth Sutton are not parties to the releases agreed upon. Moreover, even Mr. Sutton's claim is not foreclosed because the Amended Complaint asserts Plaintiffs discovered the allegedly fraudulent "barter" transaction during the audit. (*See* Doc. 6 ¶ 32.) A fair inference from that allegation is that the auditor, Mr. Ryan, raised the issue, and thus paragraph 15 applies.

### Conclusion

JCI and James Jerome's Motion to Dismiss for Lack of Jurisdiction (Doc. 7) is DENIED. Felicity Purzycki's Motion to Dismiss for Failure to State a Claim (Doc. 8) is DENIED.

Dated at Rutland, in the District of Vermont, this 11 day of August, 2016.

Geoffrey W. Crawford, Judge
United States District Court